IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-313-BO

| | | |
|---|---|---|
| RASHIDAH AMATULLAH QADIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 15, 17]. A hearing was held in Elizabeth City, North Carolina on September 8, 2015. For the reasons detailed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for review of the Commissioner's decision denying her claim for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Ms. Qadir filed her claim in March 2011, alleging an onset date of May 28, 2009. [Tr. 183, 187, 91]. Her claims were denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on November 28, 2012. [Tr. 41]. The ALJ issued an unfavorable decision, and the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner on March 6, 2014. [Tr. 27, 7]. After receiving an extension of time to seek judicial review, Ms. Qadir timely sought review in this Court. [Tr. 1].

Plaintiff was 50 years old at the time of her amended alleged onset date and has an eleventh grade education. [Tr. 49, 82]. She has past work as a nurse's assistant and alleged disability due to back and knee problems. [Tr. 224].

1

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* To be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* In the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work or if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The ALJ found at step one that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. [Tr. 29]. At step two, the ALJ determined that Ms. Qadir's degenerative disc disease and degenerative joint disease constituted severe impairments but did not constitute an impairment or combination of impairments that met

2

or equaled a listing. [Tr. 30]. The ALJ then concluded that plaintiff was capable of performing a modified range of light work with the limitation that she not climb ladders, ropes, or scaffolds. [Tr. 31]. The ALJ then determined that plaintiff was unable to perform her past relevant work as a home health aide. [Tr. 34]. Because plaintiff was unable to perform the full range of light work, the ALJ sought the opinion of a vocational expert. [Tr. 35]. Based on the vocational expert's testimony that plaintiff could perform the jobs of linen grader and folder, the ALJ determined that jobs exist in significant numbers that plaintiff could perform. [Tr. 35]. Accordingly, the ALJ found that plaintiff was not disabled. [Tr. 35–36].

Plaintiff argues that the ALJ erred by giving greater weight to the consultative examiner than to plaintiff's treatment providers. She argues that had the ALJ properly weighted the opinions from MedEx[1] and Dr. Duncan of the Carolina Back Institute, the appropriate RFC would have been sedentary, thereby directing a finding of disability. A treating physician's opinion is entitled to controlling weight if it is both well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other medical evidence in the case record. 20 C.F.R. § 416.927(d)(2). Determining an individual's RFC or deciding whether an individual is disabled are issues reserved exclusively to the Commissioner. 20 C.F.R. §§ 404.1527(e)(1) and (2), 416.927(e)(1) and (2); and SSR 96–5p.

Plaintiff's argument fails, however, because the neither MedEx opinions nor the opinion of Dr. Duncan supports an RFC of sedentary. In May 2009, Dr. Duncan limited plaintiff's lifting to no more than 10 pounds with a sit/stand option. [Tr. 423]. The treating physician at MedEx gave the same limitations that year. [Tr. 298, 309, 316, 3256, 33, 340 344]. A 2009 MRI showed

---

[1] The Court notes that the signature of plaintiff's treating physician at MedEx is illegible, thus it is unclear whether plaintiff's MedEx provider was a physician. For purposes of this opinion, the Court will refer to all providers plaintiff saw at MedEx as her "treating physician," as the identity of the provider (whether physician or other treatment provider) would not affect this Court's opinion.

3

minimal scoliosis and only mild degenerative changes in her right knee, but was otherwise "unremarkable." [Tr. 319, 323]. Examinations later in 2009 noted that plaintiff could work with some limitations. [Tr. 298, 344]. In 2010, Dr. Duncan increased plaintiff's ability to lift to 20 pounds and gave her a three percent permanent partial rating for a lumbosacral strain or sprain. [Tr. 424]. November 2011 X-rays of her knees showed no abnormality. [Tr, 407]. X-rays of her cervical spine that same year showed mild spondylosis and mild disc space narrowing, and X-rays of her lumbar spine showed normal disc space height and some "transitional anatomy." [Tr. 408–09]. In 2012, her knee examination was normal, and plaintiff said that she had no knee pain. [Tr. 375, 380]. While plaintiff is correct that Dr. Duncan and the MedEx physician limited plaintiff's lifting to ten pounds in 2009, the ALJ did not err in discounting that limitation, given the later medical findings, particularly Dr. Duncan's later opinion that plaintiff's lifting be limited to 20 pounds.

Plaintiff also argues that the ALJ failed to include all her limitations in the RFC, focusing on the findings of consultative examiner Dr. Cohen. Dr. Cohen's report notes mild impairments in the areas of lifting, carrying, and stamina. [Tr. 356]. The ALJ must "consider all of the evidence presented," but has the discretion to determine what weight to give the evidence. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). It is clear that the ALJ considered Dr. Cohen's report. [Tr. 32]. Moreover, mild impairments do not necessarily require limitations in the RFC. As the ALJ noted, Dr. Cohen found that plaintiff's "ability to sit, stand, move about, handle objects, hear, speak, and travel was not impaired." [Tr. 33]. Accordingly, the Court cannot conclude that the ALJ erred by not including lifting, carrying, or stamina limitations in the RFC.

Lastly, plaintiff argues a hypothetical posed to the vocational expert (VE) did not account for all plaintiff's limitations. However, an ALJ "has great latitude in posing hypothetical

4

questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question." *Koonce v. Apfel*, 166 F.3d 1209, *5 (4th Cir. 1999) (unpublished). One of the hypotheticals offered to the VE assumed that plaintiff could perform light work with the limitations listed in plaintiff's RFC. [Tr. 70]. In reply, the VE noted that there were jobs available in the economy that plaintiff could perform. An ALJ is not required to believe all of plaintiff's complaints, but instead need only pose hypotheticals that include limitations that he finds are supported by substantial evidence. *Koonce*, 166. F3d at *5.

Accordingly, the ALJ's hypothetical was properly formulated and the ALJ committed no error.

In sum, none of the evidence in the record before this Court contradicts the ALJ's finding as to plaintiff's RFC. Substantial evidence clearly supports the ALJ's findings, and as such, it is proper to affirm the ALJ's determination that plaintiff was not disabled.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 15] is DENIED, and defendant's motion for judgment on the pleadings [DE 17] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this ___18___ day of September, 2015.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE